## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JEAN APELACION | * | CIVIL ACTION |
| | * | |
| VERSUS | * | SECTION " " |
| | * | |
| WAL-MART STORES, INC. | * | |
| AND WAL-MART LOUISIANA, LLC | * | |
| | * | |

* * *************************************************

### NOTICE OF REMOVAL

TO: The Honorable Judges
of the United States District Court
for the Eastern District of Louisiana

Defendants, Wal-Mart Stores, Inc. and Wal-Mart Louisiana, LLC, file this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby remove this matter from the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

1. On March 2, 2018, Jean Apelacion filed this lawsuit against Wal-Mart Stores, Inc. and Wal-Mart Louisiana, LLC in the 39th Judicial District Court for the Parish of St. Bernard, State of Louisiana, bearing Case No. 18-0325, and entitled *Jean Apelacion v. Wal-Mart Stores, Inc. and Wal-Mart Louisiana, LLC.* (*See* Plaintiff's Petition for Damages, attached hereto and marked for identification as Exhibit "A").

2. Wal-Mart was served through its agent for service of process, CT Corporation, with a copy of the Citation and Petition on March 22, 2018. (*See* CT Corporation Service of Process Transmittal Notices attached hereto and marked for

identification as Exhibit "B".)

3. The suit seeks damages from Wal-Mart for damages allegedly sustained by the plaintiff as a result of an incident that occurred at the Wal-Mart Supercenter located in Chalmette, Louisiana, on April 6, 2017.

4. Plaintiff alleges in Paragraph 11 that as a result of the incident, she has sustained serious injuries to her body and mind together with mental and physical pain, anguish and suffering, permanent disability, past and future expenses for medical care, loss of enjoyment of life, and other economic loss. Plaintiff does not detail the nature of the alleged injuries nor any treatment she may have received as a result. Plaintiff's Petition further fails to provide a general allegation that the claim exceeds or is less than the amount necessary to provide lack of jurisdiction in Federal Court due to insufficiency of damages. La.C.C.P. art 893.

## I. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.

5. On May 23, 2018 plaintiff served upon Wal-Mart through its attorney of record Interrogatories and Request for Production Documents. In Answer to Interrogatory No. 4 plaintiff provides that the areas of her body injured in the subject incident include, but are not limited to head, brain, neck/cervical spine, lower back and cervical spine, left knee, right knee, and left hip. In Answer to Interrogatory No. 8 plaintiff provides that she initially treated at American Medical Rehab/Shoemaker Chiropractor and is presently under the care of Dr. Firas Hijazi at Premier Medical Rehab. Medical records attached to Response to Request for Production confirm that treatment by Dr. Hijazi has included both lumbar and cervical nerve blocks, as well as cervical radiofrequency ablation. In Answer to Interrogatory No. 13, plaintiff itemizes

medical expenses to date totaling $38,372.33. (See plaintiff's Answers to Interrogatories and Responses to Request for Production of Documents attached hereto and marked as identification as Exhibit "C")

6. 28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States."

### A. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.

7. The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000.00 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

8. Plaintiff has alleged injuries and damages that, if true, which defendant vehemently denies, place an amount in controversy which exceeds the sum or value of $75,000.00, exclusive of interest and costs. Plaintiff's Petition for Damages does not offer a binding stipulation that plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to *Davis v. State Farm*, No. 06-560, slip op.

9. While Wal-Mart admits no liability, nor any element of damages, Wal-Mart has met its burden of showing that the amount in controversy is in excess of

SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

### B. COMPLETE DIVERSITY

10. Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business in Bentonville, Arkansas.

11. Wal-Mart Louisiana, L.L.C. is a Delaware limited liability company with its principal place of business in Bentonville, Arkansas, and its sole member or owner being Wal-Mart Stores East, LP, a Delaware limited partnership with its principal place of business in Bentonville, Arkansas and which is composed of two partners, namely WSE Management, L.L.C. (GP) and WSE Investment, L.L.C. (LP), both Delaware limited liability companies with their principal place of business in Bentonville, Arkansas, and the sole member of said two limited liability companies is Wal-Mart Stores East, Inc., an Arkansas corporation with its principal place of business in Bentonville, Arkansas. All shares of stock in Wal-Mart Stores East, Inc. are owned by Wal-Mart Stores, Inc., a Delaware corporation with its principal place of business in Bentonville, Arkansas, which is a publicly held company.

12. Plaintiff is a resident and domiciled in the Parish of St. Bernard, State of Louisiana.

13. Accordingly, there is complete diversity of citizenship between the plaintiff and the only named defendants.

14. This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, evidenced by the Petition for

Damages, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

## II. WAL-MART HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

15. Wal-Mart was served with Answers to Interrogatories and Responses Request for Production of Documents on May 23, 2018.

16. This Notice of Removal is being filed within thirty (30) days after first receipt by Wal-Mart of a copy of the initial pleadings setting forth the claim of relief upon which the action is based, and is therefore timely under 28 U.S.C. § 1446(b).

17. Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different States.

18. The 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

19. No previous application has been made by Wal-Mart in this case for the relief requested herein.

20. Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition is attached hereto as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Jean Apelacion, and a copy is being filed with the Clerk of Court

for the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana.

21.   Petitioners, Wal-Mart Stores, Inc. and Wal-Mart Louisiana, LLC, desire and are entitled to **trial by jury** of all issues herein.

WHEREFORE, defendants, Wal-Mart Stores, Inc. and Wal-Mart Louisiana, LLC, hereby remove this action from the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, to the docket of the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

___s/ROY C. BEARD___

**ROY C. BEARD, ESQ. (#17461)**
**CHRISTOPHER JAMES-LOMAX(#37174)**
**McCRANIE, SISTRUNK, ANZELMO,**
**HARDY, McDANIEL & WELCH**
909 Poydras Street, Suite 1000
New Orleans, LA 70112
Telephone: (504) 831-0946
Facsimile: (800) 977-8810
*Attorneys for Wal-Mart Stores, Inc. and*
*Wal-Mart Louisiana, LLC*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record ☐ by e-mail, ☐ by facsimile, ☐ by hand, and/or ☐ by United States mail, properly addressed and postage prepaid, on this 15th day of ~~May~~ June, 2018.

___s/ROY C. BEARD___