**CT Corporation**

**Service of Process Transmittal**
03/22/2018
CT Log Number 533010417

**TO:** Kim Lundy Service of Process, Legal Support Supervisor
Walmart Inc.
702 SW 8th St, MS#0215
Bentonville, AR 72716-6209

**RE:** **Process Served in Louisiana**

**FOR:** Wal-Mart Stores, Inc. (Former Name) (Domestic State: DE)
Walmart Inc. (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Apelacion Jean, Pltf. vs. Wal-Mart Stores, Inc. and Wal-Mart Louisiana, LLC, Dfts. |
| **DOCUMENT(S) SERVED:** | Citation, Petition, Interrogatories |
| **COURT/AGENCY:** | ST. BERNARD; 34TH JUDICIAL DISTRICT COURT, LA<br>Case # 180325 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 04/06/2017 - 8101 W. Judge Perez Drive, Chalmette, Louisiana 70043 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Baton Rouge, LA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/22/2018 at 08:50 |
| **JURISDICTION SERVED :** | Louisiana |
| **APPEARANCE OR ANSWER DUE:** | Within 15 days after receipt (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Larue Haigler, III<br>3801 Canal Street, Ste. 211<br>New Orleans, LA 70119<br>504-343-6781 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/23/2018, Expected Purge Date: 03/28/2018<br><br>Image SOP<br><br>Email Notification, Kim Lundy Service of Process ctlawsuits@walmartlegal.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>3867 Plaza Tower Dr.<br>Baton Rouge, LA 70816-4378<br>954-473-5503 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



EXHIBIT
A

34ᵗʰ JUDICIAL DISTRICT COURT FOR THE PARISH OF SAINT BERNARD

STATE OF LOUISIANA

NO.   18 - 0325                    DIVISION "" 

JEAN APELACION

VERSUS

WAL-MART STORES, INC. & WAL-MART LOUISIANA, LLC

MAR 02 2018

_____          _____
FILED                                              DEPUTY CLERK

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff JEAN

APELACION, a person of the full age of majority who resides and is domiciled in the Parish of

Saint Bernard, State of Louisiana, and respectfully show this Court as follows:

I.

Made defendants herein are:

(1) WAL-MART STORES, INC., a foreign corporation authorized to do and doing business in State of Louisiana at all times relevant hereto, having appointed CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, Louisiana, as its Agent for Service of Process for causes of action arising within the State of Louisiana; and

(2) WAL-MART LOUISIANA, LLC, a foreign corporation authorized to do and doing business in State of Louisiana at all times relevant hereto, having appointed CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, Louisiana, as its Agent for Service of Process for causes of action arising within the State of Louisiana.

II.

On or about April 6, 2017, Petitioner Jean Apelacion entered the Wal-Mart store located

at or near 8101 W. Judge Perez Drive, Chalmette, Louisiana 70043, designated as Wal-Mart

Store #909, during open business hours for the purpose of purchasing goods.

III.

At the time and place mentioned above, under La.  Defendant(s) Wal Mart Stores, Inc

and/or Wal-Mart of Louisiana, LLC, owed Petitioner a duty to exercise reasonable care to keep

its aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable

effort to keep the premises free of any hazardous conditions which reasonably might give rise to

damage.

### IV.

At the time and place mentioned above, Petitioner Jean Apelacion, after purchasing goods, proceeded toward the exit of said premises, whereupon she slipped in a liquid substance present on the floor in the vicinity of the "GM vestibule exit door", causing her to fall to the ground.

### V.

Defendant(s) Wal Mart Stores, Inc and/or Wal-Mart of Louisiana, LLC, is/are merchant(s) as defined by La. R.S. § 9:2800.6(C)(2).

### VI.

The liquid substance present on the floor of the subject premises was a condition that presented an unreasonable risk of harm to Plaintiff and that risk was reasonably foreseeable.

### VII.

Defendant(s) Wal Mart Stores, Inc and/or Wal-Mart of Louisiana, LLC, either created or had notice of the unreasonable risk of harm presented by the liquid on the floor.

### VIII.

Despite having knowledge of the unreasonable risk of harm presented by the liquid substance on the floor of the subject premises, Defendants failed to warn of or remedy said condition.

### IX.

Defendant(s) Wal Mart Stores, Inc and/or Wal-Mart of Louisiana, LLC is/are vicariously liable for all acts of fault and/or negligence of its employees, contractors, associates and/or affiliates.

### X.

Petitioner Jean Apelacion acted in a prudent and careful manner while upon the subject Wal-Mart premises.

### XI.

As a direct result of the fall herein described, Plaintiff has sustained serious injuries to her body and mind together with mental and physical pain, anguish and suffering; permanent disability; past and future expenses for medical care; loss of enjoyment of life; and other economic loss; all of which entitles Plaintiff to recover from Defendants the damages as are reasonable in the premises.

### XII.

Plaintiff's injuries were the direct result of the individual and collective negligent acts and omissions of defendants and their agents, affiliates, associates and/or employees with said acts and omissions consisting of, but are not limited to, the following:

(a) Failure to exercise reasonable care to remedy and/or mitigate a hazardous condition on their premises;

(b) Failure to take reasonable precautions to mitigate a hazardous condition on their premises;

(c) Failure to properly inspect their premises and instrumentalities located on said premises;

(d) Failure to properly maintain a reasonably safe premises;

(e) Failure to warn of an unreasonably dangerous condition;

(f) Failure to properly train and supervise employees;

(g) Failure to keep passageways, aisles, and floors in a reasonably safe condition and free of hazards which may cause injury;

(h) Allowing an unreasonably dangerous condition to exist on their premises;

(i) Failure to exercise reasonable care to keep its aisles, passageways, floors and entranceways in a reasonably safe condition;

(j) Failure to take appropriate action to remedy defects, hazards and conditions after having knowledge of same; and

(k) Failure to exercise reasonable care given the circumstances.

### XI.

Pursuant to La. Civ. Code art. 2317, et seq., Defendants are strictly liable for Plaintiff's damages insofar as Defendants was in custody of the premises, knew or should have known of the unreasonably dangerous condition, and Defendant could have prevented Plaintiff's injuries through the exercise of reasonable care.

### XII.

Plaintiff specifically pleads the doctrine of res ipsa loquitur.

WHEREFORE, Plaintiff JEAN APELACION prays that Defendants, WAL-MART STORES, INC. and WAL MART LOUISIANA, LLC, be served with a certified copy of this petition, and after being duly cited to appear and answer hereto, and after the expiration of all legal delays and due proceedings are had, that there be judgment rendered herein in favor of Plaintiff and against Defendants jointly, severally or *in solido*, for such damages as are reasonable in the premises; said judgment to bear legal interest from the date of judicial demand until paid

and for all costs of these proceedings, and for any and all legal and equitable relief this Honorable

Court deems appropriate.

Respectfully submitted:

LaRUE HAIGLER, III (LA Bar ID 33168)
3801 Canal Street, Ste. 211
New Orleans, Louisiana 70119
Telephone: 504.343.6781
Facsimile: 504.482.2288
Email: lhaigler@haiglerlaw.com

**PLEASE SERVE:**
WAL-MART STORES, INC.
Through its Registered Agent of Service
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, Louisiana 70816

WAL-MART LOUISIANA, LLC
Through its Registered Agent of Service
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, Louisiana 70816

A TRUE COPY
Randy S. Nunez
CLERK OF COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA

DEPUTY CLERK
/s/ Hailey Hiers

 **CT Corporation**

**Service of Process
Transmittal**
03/22/2018
CT Log Number 533010412

TO:     Kim Lundy Service of Process, Legal Support Supervisor
        Walmart Inc.
        702 SW 8th St, MS#0215
        Bentonville, AR 72716-6209

RE:     **Process Served in Louisiana**

FOR:    Wal-Mart Louisiana, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Apelacion Jean, Pltf. vs. Wal-Mart Stores, Inc. and Wal-Mart Louisiana, LLC, Dfts. |
| **DOCUMENT(S) SERVED:** | Citation, Petition, Interrogatories |
| **COURT/AGENCY:** | ST. BERNARD; 34TH JUDICIAL DISTRICT COURT, LA<br>Case # 180325 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 04/06/2017 - 8101 W. Judge Perez Drive, Chalmette, Louisiana 70043 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Baton Rouge, LA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/22/2018 at 08:50 |
| **JURISDICTION SERVED :** | Louisiana |
| **APPEARANCE OR ANSWER DUE:** | Within 15 days after receipt (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Larue Haigler, III<br>3801 Canal Street, Ste. 211<br>New Orleans, LA 70119<br>504-343-6781 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/23/2018, Expected Purge Date: 03/28/2018<br><br>Image SOP<br><br>Email Notification,  Kim Lundy Service of Process  ctlawsuits@walmartlegal.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>3867 Plaza Tower Dr.<br>Baton Rouge, LA 70816-4378<br>954-473-5503 |

Page 1 of  1 / MC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF SAINT BERNARD

STATE OF LOUISIANA

NO.       18 - 0325                          DIVISION ""

JEAN APELACION

VERSUS

WAL-MART STORES, INC. & WAL-MART LOUISIANA, LLC

MAR 02 2018                    _Randy S. Nunez_



FILED                                    DEPUTY CLERK

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff JEAN

APELACION, a person of the full age of majority who resides and is domiciled in the Parish of

Saint Bernard, State of Louisiana, and respectfully show this Court as follows:

I.

Made defendants herein are:

(1) WAL-MART STORES, INC., a foreign corporation authorized to do and doing business in State of Louisiana at all times relevant hereto, having appointed CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, Louisiana, as its Agent for Service of Process for causes of action arising within the State of Louisiana; and

(2) WAL-MART LOUISIANA, LLC, a foreign corporation authorized to do and doing business in State of Louisiana at all times relevant hereto, having appointed CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, Louisiana, as its Agent for Service of Process for causes of action arising within the State of Louisiana.

II.

On or about April 6, 2017, Petitioner Jean Apelacion entered the Wal-Mart store located

at or near 8101 W. Judge Perez Drive, Chalmette, Louisiana 70043, designated as Wal-Mart

Store #909, during open business hours for the purpose of purchasing goods.

III.

At the time and place mentioned above, under La. Defendant(s) Wal Mart Stores, Inc

and/or Wal-Mart of Louisiana, LLC, owed Petitioner a duty to exercise reasonable care to keep

its aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable

effort to keep the premises free of any hazardous conditions which reasonably might give rise to

damage.

IV.

At the time and place mentioned above, Petitioner Jean Apelacion, after purchasing goods, proceeded toward the exit of said premises, whereupon she slipped in a liquid substance present on the floor in the vicinity of the "GM vestibule exit door", causing her to fall to the ground.

V.

Defendant(s) Wal Mart Stores, Inc and/or Wal-Mart of Louisiana, LLC, is/are merchant(s) as defined by La. R.S. § 9:2800.6(C)(2).

VI.

The liquid substance present on the floor of the subject premises was a condition that presented an unreasonable risk of harm to Plaintiff and that risk was reasonably foreseeable.

VII.

Defendant(s) Wal Mart Stores, Inc and/or Wal-Mart of Louisiana, LLC, either created or had notice of the unreasonable risk of harm presented by the liquid on the floor.

VIII.

Despite having knowledge of the unreasonable risk of harm presented by the liquid substance on the floor of the subject premises, Defendants failed to warn of or remedy said condition.

IX.

Defendant(s) Wal Mart Stores, Inc and/or Wal-Mart of Louisiana, LLC is/are vicariously liable for all acts of fault and/or negligence of its employees, contractors, associates and/or affiliates.

X.

Petitioner Jean Apelacion acted in a prudent and careful manner while upon the subject Wal-Mart premises.

XI.

As a direct result of the fall herein described; Plaintiff has sustained serious injuries to her body and mind together with mental and physical pain, anguish and suffering; permanent disability; past and future expenses for medical care; loss of enjoyment of life; and other economic loss; all of which entitles Plaintiff to recover from Defendants the damages as are reasonable in the premises.

## XII.

Plaintiff's injuries were the direct result of the individual and collective negligent acts and omissions of defendants and their agents, affiliates, associates and/or employees with said acts and omissions consisting of, but are not limited to, the following:

(a) Failure to exercise reasonable care to remedy and/or mitigate a hazardous condition on their premises;

(b) Failure to take reasonable precautions to mitigate a hazardous condition on their premises;

(c) Failure to properly inspect their premises and instrumentalities located on said premises;

(d) Failure to properly maintain a reasonably safe premises;

(e) Failure to warn of an unreasonably dangerous condition;

(f) Failure to properly train and supervise employees;

(g) Failure to keep passageways, aisles, and floors in a reasonably safe condition and free of hazards which may cause injury;

(h) Allowing an unreasonably dangerous condition to exist on their premises;

(i) Failure to exercise reasonable care to keep its aisles, passageways, floors and entranceways in a reasonably safe condition;

(j) Failure to take appropriate action to remedy defects, hazards and conditions after having knowledge of same; and

(k) Failure to exercise reasonable care given the circumstances.

## XI.

Pursuant to La. Civ. Code art. 2317, et seq., Defendants are strictly liable for Plaintiff's damages insofar as Defendants was in custody of the premises, knew or should have known of the unreasonably dangerous condition, and Defendant could have prevented Plaintiff's injuries through the exercise of reasonable care.

## XII.

Plaintiff specifically pleads the doctrine of res ipsa loquitur.

WHEREFORE, Plaintiff JEAN APELACION prays that Defendants, WAL-MART STORES, INC. and WAL MART LOUISIANA, LLC, be served with a certified copy of this petition, and after being duly cited to appear and answer hereto, and after the expiration of all legal delays and due proceedings are had, that there be judgment rendered herein in favor of Plaintiff and against Defendants jointly, severally or *in solido,* for such damages as are reasonable in the premises; said judgment to bear legal interest from the date of judicial demand until paid

and for all costs of these proceedings, and for any and all legal and equitable relief this Honorable

Court deems appropriate.

Respectfully submitted:

LaRUE HAIGLER, III (LA Bar ID 33168)
3801 Canal Street, Ste. 211
New Orleans, Louisiana 70119
Telephone: 504.343.6781
Facsimile: 504.482.2288
Email: lhaigler@haiglerlaw.com

**PLEASE SERVE:**
WAL-MART STORES, INC.
Through its Registered Agent of Service
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, Louisiana 70816

WAL-MART LOUISIANA, LLC
Through its Registered Agent of Service
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, Louisiana 70816

A TRUE COPY
Randy S. Nunez
CLERK OF COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA

DEPUTY CLERK
/s/ Hailey Hiers

# CITATION

*JEAN APELACION*

*VERSUS*

*WAL-MART STORES, INC. & WAL-MART*
*LOUISIANA, LLC*

*Case: # 18-0325*
*Division: E*
*34th Judicial District Court*
*Parish of St. Bernard*
*State of Louisiana*

*TO: WAL-MART STORES, INC.*
*THROUGH ITS REGISTERED AGENT OF SERVICE*
*C T CORPORATION SYSTEM*
*3867 PLAZA TOWER DRIVE*
*BATON ROUGE, LA 70816*

YOU HAVE BEEN SUED.  Attached to this Citation is a certified copy of **PETITION FOR DAMAGES, ETC**. The petition tells you what you are being sued for.

You must either DO WHAT THE PETITION ASKS, OR WITHIN FIFTEEN (15) DAYS after you have received these documents, you must file an answer or other legal pleadings in the office of the Clerk of Court at the St. Bernard Parish Courthouse, 1101 W. St. Bernard Hwy, Chalmette, LA 70043.

If you do not do what the Petition asks, or if you do not file an answer or legal pleading within FIFTEEN (15) DAYS, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for St. Bernard Parish, Louisiana on the **7TH DAY OF MARCH, 2018.**

HMH/JEAN

RANDY S. NUNEZ
Clerk of Court
Parish of St. Bernard

By: _____
Deputy Clerk
/S/ HAILEY HIERS

www.stbclerk.com

**DOMICILIARY**
Date Received by the Parish of St. Bernard:_____
Date Served:_____
Address Served:_____
Domiciliary Service on: _____ a person apparently over the age of 14 years living and residing in said domicile, whose name and other facts, connected with this service I learned by interrogating the same.
Service intended for:_____ a person domiciled at the above address but was absent at the time of service.
Returned Parish of St. Bernard this_____ day of _____, _____.

_____
Sheriff

**PERSONAL**
Date Received by the Parish of St. Bernard:_____
Date Served:_____
Address Served:_____
Personal Service on:_____

Returned Parish of St. Bernard _____, _____.

_____
Sheriff

EXHIBIT
B

# CITATION

| | |
|---|---|
| *JEAN APELACION* | *Case:* **# 18-0325**<br>*Division: E*<br>*34ᵗʰ Judicial District Court*<br>*Parish of St. Bernard*<br>*State of Louisiana* |
| *VERSUS* | |
| *WAL-MART STORES, INC. & WAL-MART*<br>*LOUISIANA, LLC* | |

**TO:  WAL-MART LOUISIANA, LLC**
**THROUGH ITS REGISTERED AGENT OF SERVICE**
**C T CORPORATION SYSTEM**
**3867 PLAZA TOWER DRIVE**
**BATON ROUGE, LA 70816**

YOU HAVE BEEN SUED.  Attached to this Citation is a certified copy of **PETITION FOR DAMAGES, ETC**. The petition tells you what you are being sued for.

You must either DO WHAT THE PETITION ASKS, OR WITHIN FIFTEEN (15) DAYS after you have received these documents, you must file an answer or other legal pleadings in the office of the Clerk of Court at the St. Bernard Parish Courthouse, 1101 W. St. Bernard Hwy, Chalmette, LA  70043.

If you do not do what the Petition asks, or if you do not file an answer or legal pleading within FIFTEEN (15) DAYS, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for St. Bernard Parish, Louisiana on the 7ᵀᴴ **DAY OF MARCH, 2018.**

HMH/JEAN

RANDY S. NUNEZ
Clerk of Court
Parish of St. Bernard

By: _____
Deputy Clerk
/S/ HAILEY HIERS

www.stbclerk.com

---

**DOMICILIARY**
Date Received by the Parish of St. Bernard:_____
Date Served:_____
Address Served:_____
Domiciliary Service on: _____ a person apparently over the age of 14 years living and residing in said domicile, whose name and other facts, connected with this service I learned by interrogating the same.
Service intended for:_____ a person domiciled at the above address but was absent at the time of service.
Returned Parish of St. Bernard this_____ day of _____, _____.

_____
Sheriff

**PERSONAL**
Date Received by the Parish of St. Bernard:_____
Date Served:_____
Address Served:_____
Personal Service on:_____
Returned Parish of St. Bernard _____, _____.

_____
Sheriff

34ᵀᴴ JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO. 18-0325                                                       DIVISION "E"

JEAN APELACION

VERSUS

WAL-MART STORES, INC. AND/OR WAL-MART LOUISIANA, LLC

FILED: _____        _____
                                                        DEPUTY CLERK

## JEAN APELACION'S RESPONSES TO INTERROGATORIES PROPOUNDED BY WAL-MART

NOW INTO COURT, through undersigned counsel, comes Plaintiff, JEAN APELA-CION, who, in response to the Interrogatories propounded by defendant, WAL-MART states as follows:

### GENERAL OBJECTIONS

1.     Plaintiff objects to these Interrogatories to the extent they are overly broad, unduly burden-some, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

2.     Plaintiff objects to the overly broad and vague nature of these Interrogatories for "all doc-uments" or similar language which, as a result, make any response unduly burdensome, unnecessarily expensive and harassing.

3.     Plaintiff objects to these Interrogatories to the extent they purport to call for documents or information not presently in the possession, custody or control of Plaintiff, but in the possession, custody or control of other, separate legal entities.

4.     Plaintiff objects to these Interrogatories to the extent they assert unproven conclusions as established facts.

5.     Plaintiff objects to these Interrogatories to the extent they assume the truth of allegations which are in dispute in this litigation or make incorrect or untrue assertions.

6.     Plaintiff objects to these Interrogatories to the extent they seek documents or information within the control of Defendant.

7.     Plaintiff objects to these Interrogatories to the extent they seek documents or information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, or otherwise protected from disclosure.

1


EXHIBIT
C

To the extent applicable, Plaintiff incorporates by reference each of the foregoing objections in each response that follows and reserves the right to amend or supplement these objections and responses to these Interrogatories and Requests for Production of Documents to reflect information or incorporate documents which may become available to him up until the time of trial. By responding to these Interrogatories, Plaintiff does not waive any available objection and specifically reserves the same.

## RESPONSES TO INTERROGATORIES

### 1.

Please state your full name, address, telephone number, date of birth, and driver's license and/or state identification card number.

**RESPONSE to Interrogatory #1:**

Jean Galino Apelacion,

108 Sabel Drive, Arabi, LA 70032,

504.270.6013,

12-18-1968,

LADL: 008176799.

### 2.

Please state the names, addresses and telephone numbers of any witnesses to your accident.

**RESPONSE to Interrogatory #2:**

Plaintiff objects to this Interrogatory in that to it seeks to discover information that was obtained in anticipation of litigation and/or is protected by the work product doctrine.

Without waiving said objection, Plaintiff answers that the following she presently knows of the following witnesses to the subject incident:

- Flor Gisala, 2224 Marietta St., Chalmette, LA 70043,

- Two St. Bernard Sherriff Deputies, names presently unknown,

- Various Wal-Mart employees, whose names are known by Defendant, including Heidi Noel and Bethany Thomas.

- Various Wal-Mart Patrons, whose names are presently unknown to Plaintiff.

2

3.

Were any photographs taken of the accident scene and if so, who has custody of those photographs.

**RESPONSE to Interrogatory #3:**

Plaintiff took no photographs of the incident scene and knows of no such photographs, except those produced by Defendant.

4.

Describe in full all injuries allegedly suffered by you in the accident, including nature and extent of each such injury, and the area of the body affected.

**RESPONSE to Interrogatory #4:** Plaintiff objects to this interrogatory as being unduly burdensome. Medical witnesses have made entries in medical records. It is burdensome, redundant and oppressive to require Plaintiff to list health care providers, dates of reports, reproduce and/or summarize the contents of such reports, lasts given and other matters sought in this interrogatory. Plaintiff has produced medical records in response to interrogatories and requests for production propounded by Defendant. The medical records produced by Plaintiff and now available to Defendant fully fulfills Plaintiff's obligation to supply this type of discovery to Defendant. Subject to and without waiving said objections, Plaintiff responds that the areas of her body injured in the subject incident include, but are not limited to:

- Head,
- Brain,
- Neck/Cervical Spine,
- Lower back/lumbar spine,
- Left knee,
- Right knee,
- Left hip.

5.

Please describe in full the nature and extent of any disfigurement and the area of the body affected.

**RESPONSE to Interrogatory #5:** Plaintiff presently knows of no particular visible disfigurement caused by the subject incident.

3

6.

Describe in full any impairment of function which you claim has resulted from the injuries set forth above.

**RESPONSE to Interrogatory #6:** Plaintiff's ability to lift objects and bend has been impaired by the injuries sustained in the subject incident. Pain is worsened by activity, walking, prolonged standing, prolonged sitting, bending, driving and weather changes.

7.

Were you treated or confined to a hospital, and/or emergency facility as a result of any injuries alleged to have been sustained in this accident? If so, please state:

   (a)    the name and address of each such hospital;

   (b)    the inclusive dates of your confinement in each.

**RESPONSE to Interrogatory #7:** St. Bernard Parish Hospital, where Plaintiff was transported by ambulance directly following the subject incident (4/6/17) and several days later (4/9/17). Plaintiff was treated and released on an outpatient basis for each visit.

8.

What are the names and addresses of each doctor who has treated you, and/or who is presently treating you, for any of the injuries suffered by you in this accident, and any and all physicians and/or health care providers who have treated you in the past five (5) years, including their name and address, date of treatment, and condition treated for.

**RESPONSE to Interrogatory #8:**

   - Acadian Ambulance (4/6/17),

   - St. Bernard Parish Hospital (4/6/17 & 4/9/17),

   - American Medical Rehab/Shoemaker Chiropractic, 221 W/ Judge Perez Drive, Chalmette, LA 70043. (4/26/17- ongoing, most recent date of service 5/15/17). Plaintiff previously treated at AMR for approximately 2 months in 2011 for neck & back pain.

   - Diagnostic Imaging Services, Dr. Bernard Landry, MD (Radiologist). The following MRIs were taken: 1. Brain (5/8/17), 2. Cervical Spine (5/8/17), 3. Lumbar Spine (5/19/17).

   - Premier Medical Rehab, Dr. Firas Hijazi, MD. (6/18/17, treatment ongoing, most recent visit on 5/3/18),

   - St. Thomas Community Health Center, 1936 Magazine St. NOLA, 70130. Most recent

4

date of treatment 5/16/17, Opthalmological check-up. Plaintiff recall having treated at STCH since at least 7/29/11, where she is seen primarily for Gynecological exams and Mammograms.

- St. Bernard Parish Hospital: 4/25/14 for bee sting.

- Gitter Vein Institute, Dr. Richard Gitter. 1 Galleria Blvd., Metairie, LA 70001. Plaintiff received laser varicose vein treatment to both legs in approximately 2014.

9.

If a previous injury, disease, illness or condition is claimed to have been aggravated or accelerated, specify in detail the nature of each, and the name and present address of each doctor, if any, who rendered such treatment.

**RESPONSE to Interrogatory #9:**

Plaintiff objects to this interrogatory as being overly broad, vague, incomprehensible and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff requests that Defendants narrow their request to a reasonable time span that is specifically relevant or related to the incident at issue. Without waiving such objections, Plaintiff answers she does not presently recall any conditions responsive to this interrogatory.

No previous injuries have been aggravated or accelerated by those at issue in the present litigation.

10.

Describe in detail the injury or injuries for which each doctor has treated you.

**RESPONSE to Interrogatory #10:** Plaintiff objects to this interrogatory as being unduly burdensome. Medical witnesses have made entries in medical records. It is burdensome, redundant and oppressive to require Plaintiff to list health care providers, dates of reports, reproduce and/or summarize the contents of such reports, lasts given and other matters sought in this interrogatory. Plaintiff has produced medical records in response to interrogatories and requests for production propounded by Defendant. The medical records produced by Plaintiff and now available to Defendant fully fulfills Plaintiff's obligation to supply this type of discovery to Defendant. Subject to and without waiving said objections, Plaintiff responds as follows:

ST. BERNARD PARISH HOSPITAL: Head injury, knee injury, back and neck pain.

AMR/Shoemaker: R. knee, head injury w/ headaches, neck, lower back, mid-back pain.

5

PMR/Hijazi: Cervical Spine pain, more pronounced to left side with headaches & Lumbar Spine pain, more pronounced to left side.

11.

For each doctor, state each and every date of examination, care or treatment.

**RESPONSE to Interrogatory #11:** See records and response to interrogatory #10.

12.

Describe in detail, each doctor's diagnosis of each of your injuries.

**RESPONSE to Interrogatory #12:** See records and response to interrogatory #10.

13.

Itemize and state the amount of all fees, charges and/or expenses for each doctor through and including the present time.

**RESPONSE to Interrogatory #13:** See records and response to interrogatory #10. Subject to and without waiving said objections, Plaintiff responds that she is presently aware of the following accident-related medical expenses: (Note, the amounts listed below are subject to increase, as Plaintiff's treatment is ongoing).

| | |
|---|---|
| Acadian Ambulance | $1,182.12 |
| St. Bernard Parish Hospital | $731.63 (4/6/17) |
| Southern Emergency Medicine, LLC | $486.00 (4/6/17) |
| St. Bernard Parish Hospital | $248.58 (4/9/17) |
| Southern Emergency Medicine, LLC | $88.00 (4/9/17) |
| Advanced Medical Rehab/Shoemaker Chiropractic | $7,355.00 |
| Diagnostic Imaging Services | $3,762.00 |
| Premier Medical Rehab/ Dr. Firas Hijazi | $24,519.00 |
| | Total known as of 5/5/18------$38,372.33 |

14.

Please state the name of any doctor who has discharged you and the date of the discharge.

**RESPONSE to Interrogatory #14:** Plaintiff remains in treatment with Dr. Hijazi and Advanced Medical Rehab.

15.

Please state the title, court and docket number of any personal injury litigation you have been involved in as a plaintiff.

**RESPONSE to Interrogatory #15:** None.

6

16.

Please state whether or not you have ever made a claim of whatsoever kind or nature against an insurance company for the recovery of damages resulting from personal injury. If so, please state:

    a.    The date and nature of each such injury;

    b.    The company against whom the claim was made.

**RESPONSE to Interrogatory #16:**

Plaintiff objects to this interrogatory because it is overly broad and calls for information irrelevant to the pending action. On its face, there is no indication that the information sought in this interrogatory relates to a claim or defense asserted by any party in the subject litigation.

Subject to and without waiving said objection, Plaintiff cannot presently recall being involved in any civil litigation involving personal/bodily injury within the five years preceding the subject MVA. Subject to and without waiving said objections, Plaintiff recalls the following incidents/claims.

    - Car accident, approximately 2011, New Orleans, LA. Plaintiff treated for soft-tissue injuries with Dr. Shoemaker. Plaintiff cannot presently recall the company against whom the claim was made,

    - Car accident, approximately 2008, Poland Ave. in New Orleans, LA. Plaintiff settled with adverse insurance company, no medical treatment.

17.

Please state whether you have been involved in any accidents or sustained any personal injuries prior or subsequent to the accident/incident which is the subject of this lawsuit.

**RESPONSE to Interrogatory #17:** See objections to interrogatory # 16, above. Subject to and without waiving said objections, No.

18.

Please state how much time, if any, you have lost from work and the amount of lost wages or earnings you have incurred and the name of your employer.

**RESPONSE to Interrogatory #18:** Plaintiff objects to this interrogatory as overly broad, unduly burdensome and unlikely to lead to the discovery of admissible evidence, as she is not presently asserting a claim for lost wages or other employment-related damages.

19.

Please identify, by name, present business address and field of specialization, each person you or your attorney expect to call or may call as an expert witness at the time of trial of this case, stating the substance of the facts and opinions to which he is expected to testify, and giving a summary of the grounds for each opinion.

**RESPONSE to Interrogatory #19:** Plaintiff objects to this interrogatory as premature at this early stage of litigation and will disclose such experts in compliance the La. Code of Civil Procedure and scheduling and/or discovery orders issued by this Court.

20.

If you would do so without a Motion to Produce, please attach a copy of each statement, photographs, medical reports, medical bills or other documentation relating to the incident itself or the injuries therefrom.

**RESPONSE to Interrogatory #20:** Plaintiff's presently known and available accident-related medical bills and records are attached hereto.

21.

Please provide your Social Security Number (SSN). The SSN will be provided to Medicare for determination of each individual's Medicare eligibility for reporting purposes mandated by Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007.

**RESPONSE to Interrogatory #21:** 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.

22.

Please state your:

a.  Healthcare Insurer and/or coordinator of benefits;

b.  Health Insurance Claim Number (HICN) (if applicable); and

c.  Medicare Number.

**RESPONSE to Interrogatory #22:** Plaintiff is not Medicare-eligible. Plaintiff is a beneficiary of Medicaid through the La. Dept. of Health & Hospitals. A copy of Plaintiff's Medicaid card is attached hereto.

23.

Have you ever applied for or received any benefits from Medicare at any time whether prior to or after the incident that is the subject of this lawsuit?

**RESPONSE to Interrogatory #23:** No.

8

24.

If your answer to Interrogatory No. 23 above is yes, identify the date(s) which you applied for Medicare or the date you first received benefits from Medicare.

**RESPONSE to Interrogatory #24:** N/A.

25.

Have you ever applied for or received any benefits from the Social Security Administration at any time, whether prior to or after the incident that is the subject of this lawsuit?

**RESPONSE to Interrogatory #25:** No.

26.

If your answer to Interrogatory No. 25 above is yes, identify the date(s) which you applied for Social Security or the date you first received benefits from the Social Security Administration.

**RESPONSE to Interrogatory #26:** N/A.

27.

Have you ever applied for or received any benefits from Medicaid at any time, whether prior to or after the incident that is the subject of this lawsuit?

**RESPONSE to Interrogatory #27:** No.

28.

If you answer to Interrogatory No. 27 above is yes, identify the date(s) which you applied for Medicaid or the date you first received benefits from Medicaid.

**RESPONSE to Interrogatory #28:** Plaintiff and her husband applied for Medicaid in approximately 2009.

29.

Do you have an existing Medicare lien for treatment of any physical or mental injury which you allege to have been proximately caused by the incident which is the subject of this lawsuit? If so, identify all applicable liens, the amount of the liens and the associated health care providers from whom you sought treatment.

**RESPONSE to Interrogatory #29:** See attached correspondence from "FIRST RECOVERY GROUP", asserting that, as of 12/9/17 Aetna has paid medical benefits on behalf of Jean Apelacion in the sum of $568.73.

9

30.

Are you disabled and receiving disability benefits from a private or other group health plan?

**RESPONSE to Interrogatory #30**: No.

31.

Identify the name, phone number and address of the Medicare (a) coordinator of benefit contractor, or (b) secondary payment recovery contractor representative who is handling plaintiff's claim.

**RESPONSE to Interrogatory #31**: N/A.

32.

Please identify the name, address, and phone number of all pharmacies at which you have filled prescriptions over the past five years.

**RESPONSE to Interrogatory #32**: Wal-Mart Pharmacy, Judge Perez Drive, Chalmette, LA. Winn-Dixie, Paris Rd., Chalmette, LA.

33.

Please provide the name, address and telephone number of any witnesses who may or will testify at trial and please provide a summary of the contents of their testimony.

**RESPONSE to Interrogatory #33**: Plaintiff objects to this interrogatory as premature and answers that she will disclose all witnesses in accordance with the Court's scheduling orders.

34.

Please state whether you claim you sustained damages in excess of $75,000.00, exclusive of interest and costs. If you are not, please itemize your damages in detail.

**RESPONSE to Interrogatory #34**: Plaintiff objects to this interrogatory as premature in that her incident-related injuries have not fully healed, his symptoms persist and his damages, general and special, continue to accrue. Specifically, this interrogatory attempts to require Plaintiff to speculate on the course of future discovery. Subject to and without waiving said objections, Plaintiff's incident-related medical expenses are listed in response to interrogatory #13.

35.

Please list the names and addresses of all investigators which you have retained, may, or

will retain to conduct an investigation, and/or surveillance of this defendant pursuant to this litigation.

**RESPONSE to Interrogatory #34:** Plaintiff objects to the above Interrogatory as premature at this early stage of litigation and seeking to discovery counsel's mental impressions and trial strategy. Subject to and without waiving said objection, Plaintiff answers that she has retained no individual to conduct surveillance upon Defendant Wal-Mart.

## PLAINTIFF'S REPONSES TO WAL-MART'S REQUESTS FOR PRODUCTION OF DOCUMENTS

### 1.

Please produce any and all medical records, reports, diagnostic films, including but not limited to X-ray films, CAT scan films, MRI films, myelograms films, etc., which you have in your possession and which pertain to any treatment provided to you over the past ten years.

**SEE ENCLOSED MRI DISCS. Please return such discs to Plaintiff's counsel upon reviewing and/or copying.**

### 2.

Please provide copies of any and all medical bills, invoices, canceled checks, etc., which you contend are related to medical treatment you received as a result of the accident made subject of your petition for damages filed herein.

**MEDICAL BILLS INCLUDED WITH ENCLOSED RECORDS.**

### 3.

Please produce any and all business records, receipts, contracts, canceled checks, agreements and related documents which you intend to introduce at the trial of this matter to support your claim for lost wages and/or diminished earnings, as asserted in your petition filed herein.

**Plaintiff objects to this request as overly braid, unduly burdensome and unlikely to lead to the discovery of admissible evidence, as she is not presently asserting a claim for lost wages or other employment-related damages.**

**4.**

Please produce any and all exhibits which you intend to introduce at the trial of this matter in support of your claims for damages.

**Plaintiff objects to this request as premature at this early stage of litigation and will produce all such exhibits in compliance with scheduling and/or discovery orders issued by this Court.**

**5.**

Please produce any and all records, receipts, canceled checks, worksheet and related documents that show or in any way pertain to the amount of wages paid to you during the period of January 1, 2009 through the present.

**Plaintiff to this request as overly braid, unduly burdensome and unlikely to lead to the discovery of admissible evidence, as she is not presently asserting a claim for lost wages or other employment-related damages.**

**6.**

Please produce copies of income tax returns, both state and federal, filed by you for the past five years.

**Plaintiff to this request as overly braid, unduly burdensome and unlikely to lead to the discovery of admissible evidence, as she is not presently asserting a claim for lost wages or other employment-related damages.**

**7.**

Please produce copies of any and all reports of any and all experts whom you have retained and/or with whom you have consulted in connection with the present litigation.

**Plaintiff objects to this request as premature at this early stage of litigation and will produce all such exhibits in compliance with scheduling and/or discovery orders issued by this Court. Plaintiff further objects to this request as calling for the production of trial preparation materials, or documents and things gathered and/or prepared in anticipation of litigation.**

**8.**

Please produce all photographs, medical bills, canceled checks or other writings and things pertaining to the extent of damages alleged to have been sustained by the plaintiff as a result of the accident made subject of the present lawsuit.

**See enclosed medical bills, records and MRI discs.**

12

9.

Please produce copies of any and all surveillance video tapes, still photographs and/or reports which have been prepared in connection with this litigation.

**Plaintiff objects to this request, as it calls for materials prepared in anticipation of litigation. With the exception of those surveillance video tapes, still photographs and/or reports produced by Defendant in the course of discovery, Plaintiff presently possesses no non-privileged material responsive to this request.**

10.

Please produce copies of any and all documents in your possession or your attorney's possession which in any way relate to, discuss, establish and/or state defendant's policies and procedures.

**Plaintiff objects to this request, as it calls for materials equally available to Defendant and/or prepared in anticipation of litigation. With the exception of the policies and procedures documents produced by Defendant in the course of discovery, Plaintiff presently possesses no non-privileged material responsive to this request.**

11.

Please sign the attached medical records and employment records authorization forms.

**Medical records authorization enclosed. Plaintiff objects to the request that she execute and produce employment records authorization forms, as she is not presently asserting a claim for lost wages or other employment-related damages.**

12.

Please provide a copy of your driver's license and/or state identification card.

13.

Produce a copy of your Social Security card.  If unavailable, produce another document with proof of your Social Security number.  **ENCLOSED.**

14.

Produce a copy of your Health Insurance Claim Number (HICN) assigned by Medicare (if applicable). **ENCLOSED.**

15.

Produce all correspondence, explanation of benefit statements or other documents indicating a payment on behalf of any plaintiff from Medicare. **N/A.**

13

16.

Produce copies of any communication between you and Medicare at any time. **N/A.**

17.

Produce copy of any communication between you and Medicaid at any time. **See enclosed correspondence from "First Recovery Group".**

18.

Produce copies of any communication between you and the Social Security Administration at any time. **N/A.**

19.

Produce any documents related to any submission by you to Medicare seeking benefits for treatment of any physical or mental injuries alleged to have been directly and proximately caused by the incident that is the subject of this lawsuit. **N/A.**

20.

Produce all documents referencing or memorializing the amount of Medicare's lien for benefits provided to you. **N/A.**

21.

Produce a copy of all applications, reports, hearing notices, rulings and/or Notice of Awards from the Social Security Administration related to you. **N/A.**

22.

Please sign the attached Medicare/Medicaid authorization form.     **See Enclosed.**

Respectfully submitted,

LaRUE HAIGLER III, LA Bar ID #33168
3801 Canal Street, Suite 211
New Orleans, La. 70119
Ph: 504.343.6781
Fax: 504.482.2288
E-Mail: lhaigler@haiglerlaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel Via Fax, &/or E-Mail, &/or USPS first class, prepaid this 22nd day of May, 2018.

LaRUE HAIGLER III

14