# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEAN APELACION** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-5941** |
| **WAL MART STORES, INC., ET AL** | **SECTION: "S" (2)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Motion for Summary Judgment** (Rec. Doc. 10) filed by defendants, Wal-mart Stores, Inc. and Wal-Mart Louisiana, L.L.C. (hereinafter, collectively "Wal-Mart") is **DENIED**.

## BACKGROUND

This matter is before the court on Walmart's motion for summary judgment. Walmart argues that it is entitled to summary judgment because plaintiff, Jean Apelacion, cannot prove all of the elements necessary to recover for her alleged slip and fall; specifically, she cannot prove that Walmart had actual or constructive knowledge of a liquid substance on the floor. Plaintiff opposes the motion, arguing that a genuine fact issue exists as to whether Walmart had constructive notice of a slipping hazard on the vestibule floor.

# APPLICABLE LAW

## Summary Judgment Standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(a). A factual dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party, and "material" if it might affect the outcome of the suit under the governing substantive law. Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co., 671 F.3d 512, 517 (5th Cir. 2012).

## Premises Liability in Louisiana

Louisiana Revised Statutes § 9:2800.6, which establishes the burden of proof in slip and fall cases brought against merchants, provides in part:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the

following:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

> (3) The merchant failed to exercise reasonable care.

La. Rev. Stat. § 9:2800.6. A plaintiff may prove a merchant's "constructive notice" of a condition by showing "that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." Id. at § 9:2800.6(C)(1). However, an employee's presence 'in the vicinity in which the condition existed does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition." Id. The plaintiff's failure to prove any of the elements stated in § 9:2800.6(B) will result in judgment in the merchant's favor. Williamson v. Wal-Mart Stores, Inc., 130 So. 3d 478, 482 (La. App. 2 Cir. 2014).

## ANALYSIS

It is undisputed that Apelacion slipped and fell on a liquid substance in the vestibule area of the Walmart store on West Judge Perez Drive in

Chalmette, Louisiana, as she was leaving the store on April 6, 2017. The issue before the court is whether Walmart knew, or should have known in the exercise of reasonable care, that there was a liquid slip hazard on the vestibule floor.

Walmart contends that Apelacion cannot establish that Walmart had actual or constructive knowledge of the water on the floor because in her deposition, Apelacion acknowledged that she did not see anything on the floor before she slipped and fell, she does not know what the liquid substance was that caused the fall or how it got there, she does not know whether a Walmart employee knew about the liquid prior to the accident, and she did not know how long the substance had been on the floor.

In opposition, plaintiff has submitted surveillance video of the relevant area spanning the time leading up to, during, and following her accident. The video opens at 6:15 p.m. with the store greeter sitting on a bench in the vestibule. A minute later, after a discussion with another Walmart employee, she gets up from the bench and heads to her station, where the vestibule widens into the store. At approximately 6:38 p.m., the area is swept with a dry mop. After that time, numerous individuals traverse

the area, some with carts, and at least one individual seats herself on the bench, possibly eating or drinking. At 6:44 p.m., the sweeper returns, and sweeps the area near the greeter, but does not enter or sweep the vestibule area. The greeter leaves her station just before 6:58 p.m., returning just before 7:12 p.m. The slip and fall occurred at approximately 7:14 p.m. Resolution of the video is not high enough to see the liquid on the floor in the area where Apelacion fell. However, the video shows a Walmart manager wiping up the area of the fall for over a full minute using multiple paper towels after Apelacion left the area with paramedics. In the half hour prior to the fall, the greeter did not conduct any sweep or visual inspection of the area.

Having reviewed the surveillance video, the court finds that a jury could reasonably conclude that a liquid substance was present on the floor for some period of time, and that Walmart would have discovered it had it exercised reasonable care. Therefore, a fact issue exists precluding summary

judgment, and Walmart's motion for summary judgment is **DENIED**.

New Orleans, Louisiana, this _18th_ day of December, 2018.

_____

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**